Mr. Justice Clayton
delivered the opinion of the court.
The mayor of the corporation of Aberdeen, under a clause of the charter of incorporation, had the defendant in error brought before him by warrant, and imposed a fine of $10 upon him for retailing spirituous liquors in said town without license. The charter passed in 1837, conferred on the corporation express and sole power to grant licenses to retail spirituous liquors in its limits, and authorized the proceeding taken in this cause, to impose a fine for a breach of its ordinance.
The case was taken by appeal to the circuit court, and the judgment of the mayor reversed, and the case thence comes by writ of error to this court.
It is insisted that the charter is virtually repealed by the acts of 1839, 1842 and 1846. The statute of 1839, commonly known as the gallon law, does not directly or in terms repeal this charter, but its indirect effect works the same end. It takes away from all persons in the state, the capacity to be the recipients of a license to sell liquor in less quantity than a gallon. The charter, therefore, had nothing upon which it could operate, because if all persons were prohibited from receiving a license, the corporation was virtually excluded from exercising the power. This was not an effort to repeal the charter, but to expel tippling from the-bounds of the state; a course of general policy, not directed against this charter, and with which the charter ought not to interfere.
*671 But the act of 1842, page 108, restored the capacity to obtain license to retail vinous and spirituous liquors, and thereby removed the impediment to the operation of the charter. The corporation then had the right to exercise its power to grant licenses, which never had been repealed, but was suspended for the want of some subject on which it could operate. Its right was in terms sole and exclusive, when a license could be granted at all, the sole power to grant was in the corporation. The act of 1846 does not interfere with this exclusive power of the corporation. Nor can that act divert the amounts received for such licenses to any other purposes than those indicated in the charter.
The circuit court having taken a different view of the law, the judgment is reversed, and this court, proceeding to give the judgment which should have been given, directs judgment to be here rendered for the fine assessed by the mayor in the first instance.
Judgment reversed.